# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **STATE OF WASHINGTON**, | NO. 2:14-CV-00137-TOR |
| Plaintiff, | CONSENT DECREE |
| v. | |
| **US ONLINE.COM, INC.**, d/b/a **SUDDENVALUES.COM**, a Washington for-profit corporation and **STEVEN W. KLOCK**, Chief Executive Officer, | |
| Defendants. | |

## I.   DECREE SUMMARY

1.1   Decree Creditor:          State of Washington

1.2   Decree Debtors:          Steven W. Klock and U.S. Online.com, Inc., d/b/a Suddenvalues.com

1.3   Principal Decree Amount:
    a. Civil Penalty:       $100,000 with $100,000 suspended (conditioned upon compliance with the terms of the Decree)
    b. Restitution:          $12,500

1.4   Costs and Attorneys' Fees:   $12,500

1.5   Total Decree Amount:         $25,000

| | |
|---|---|
| 1.6 Attorney for Decree Creditor: | John A. Nelson, Assistant Attorney General |
| 1.7 Attorney for Defendants: | Brian Sheldon, Phillabaum, Ledlin, Matthews & Sheldon, PLLC |

Plaintiff, State of Washington, having commenced this action on May 9, 2014, pursuant to the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. § 7701, *et seq.,* and pursuant to the Washington Consumer Protection Act, RCW 19.86; and Defendants Steven W. Klock and U.S. Online.com, Inc., d/b/a Suddenvalues.com, having been personally served with copies of the Summons and Complaint; and

Plaintiff having appeared by and through its attorneys, Robert Ferguson, Attorney General, and John Nelson, Assistant Attorney General; and Defendants having appeared through their attorney Brian S. Sheldon, Phillabaum, Ledlin, Matthews & Sheldon, PLLC; and

Plaintiff and Defendants having agreed on a basis for the settlement of the matters alleged in the Complaint, and to the entry of this Consent Decree (hereinafter referred to as "Decree") against Defendants without the need for trial or adjudication of any issue of law or fact; and

Defendants recognize and state that this Decree is entered into voluntarily and that no promises or threats have been made by the Attorney General's Office or any member, office, agent or representative thereof to induce them to enter into this Consent Decree, except as provided herein; and

Defendants further agree that they will not oppose the entry of this Consent Decree on the grounds the Consent Decree fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objections based thereon; and

Defendants waive any right they may have to appeal from this Consent Decree; and

Plaintiff and Defendants having agreed that this Consent Decree does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by Plaintiff, but rather enter the Decree to dispense from further litigation and litigation costs; and

Defendants further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms contained herein; and

The Court having determined there is no just reason for delay in the entry of this Decree against Defendants, and being fully advised; and

The Court finding no just reason for delay;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.    JURISDICTION AND VENUE

2.1    For purposes of entry of this order, the parties agree to jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1367 and 15 U.S.C. § 7706. A substantial portion of the acts complained of in the action filed by Plaintiff occurred in Chelan County and elsewhere in the Eastern

District of Washington. Accordingly, venue in this district is appropriate pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 7706.

### III.  INJUNCTIONS

3.1  The injunctive provisions of the Consent Decree shall apply to all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, employees, representatives, and/or affiliates.

3.2  Definitions:

    a.  For purposes of this Decree, the term "commercial email message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).

    b.  For purposes of this Decree, the term "sender" when used with respect to a commercial electronic mail message, means a person who initiates such a message and whose product, service, or Internet web site is advertised or promoted by the message. If an entity operates through separate lines of business or divisions and holds itself out to the recipient throughout the message as that particular line of business or division rather than as the entity of which such line of business

|   |   |   |
|---|---|---|
| 1 |   | or division is a part, then the line of business or the division |
| 2 |   | shall be treated as the sender of such message. |
| 3 | c. | For purposes of this Decree, the term "recipient" when used with respect to a commercial electronic mail message, means an authorized user of the electronic mail address to which the message was sent or delivered. If a recipient of a commercial electronic mail message has one or more electronic mail addresses in addition to the address to which the message was sent or delivered, the recipient shall be treated as a separate recipient with respect to each such address. If an electronic mail address is reassigned to a new user, the new user shall not be treated as a recipient of any commercial electronic mail message sent or delivered to that address before it was reassigned. |
| 15 | d. | For the purposes of this Decree, the term "counterfeit mark" means a spurious mark that is used in connection with the marketing or sale of any goods, services, labels, patches, stickers, wrappers, badges, emblems, medallions, charms, boxes, containers, cans, cases, hangtags, documentation, or packaging of any type or nature that is identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark |

Office and in use, that is applied to or used in connection with the goods or services for which the mark is registered with the United States Patent and Trademark Office, or is applied to or consists of a label, patch, sticker, wrapper, badge, emblem, medallion, charm, box, container, can, case, hangtag, documentation, or packaging of any type or nature that is designed, marketed, or otherwise intended to be used on or in connection with the goods or services for which the mark is registered in the United States Patent and Trademark Office; and the use of which is likely to cause confusion, to cause mistake, or to deceive.

3.3    Defendants shall inform all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, and employees, and affiliates of the terms and conditions of this Consent Decree.

3.4    Defendants and all persons or entities in active concert or participation with Defendants, including but not limited to Defendants and Defendants' successors, assigns, transferees, officers, agents, servants, directors, employees, independent contractors who work at the direction of Defendants, representatives, and affiliates, are restrained in the state of Washington or from a

location outside the state of Washington where such conduct affects Washington residents, from directly or indirectly engaging in the following acts or practices:

    a. Initiating the transmission of commercial email messages more than ten (10) business days after the sender or the person who initiated the commercial electronic mail receives a request from a recipient not to receive future commercial email messages from the sender at the recipient's email address.

    b. Initiating the transmission of commercial email messages that do not contain a functioning return email address or other Internet-based mechanism, clearly and conspicuously displayed, that (1) a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages from that sender at the email address where the message was received; and (2) remains capable of receiving such messages or communications for no less than thirty (30) days after the transmission of the original message.

    c. Failing to clearly and conspicuously disclose in the sale or marketing of a good or service that Defendants use or employ an aggregated buying service, a group sourcing purchasing model, or any other marketing or sales model whereby consumer orders are collected for a period of time before a purchase order is placed or secured with a manufacturer, wholesaler, and/or shipper.

    d. Failing to clearly and conspicuously disclose all material terms associated with the sale or marketing of a good or service, including but not limited to terms related to delivery dates, refunds, costs, and availability of goods.

    e. Failing to ship purchased goods within the time represented to consumers.

    f. Failing to provide a full refund within seven (7) days to consumers for goods or services which have not been delivered within the time represented unless otherwise agreed upon by the consumer.

g. Misrepresenting, directly or by implication, orally or in writing, that they have the ability to ship goods by a specific date, unless there is a reasonable basis for making the representation.

h. Failing to respond to all communications received from customers within three business days (by either telephone or email). In responding to said communications, they must make a reasonable attempt to answer substantially all of a customer's inquiries. Automated emails do not constitute a response for purposes of the three business day requirement if the subject matter or questions contained in a communication received from a customer are not substantially addressed by the contents of the automated email reply.

i. Failing to ensure that agents or employees communicating with customers are sufficiently informed and authorized to assist customers.

j. Making any misrepresentations about delivery dates, delivery status, refunds, and the availability of goods.

k. Failing to pay or remit the funds received (or any portion thereof) pursuant to the sale of that good or service within a reasonable time, when selling or marketing goods or services on behalf of any party.

l. Failing to immediately halt the sale and marketing of any good containing a counterfeit mark when it is reasonably apparent that the goods may be counterfeit.

m. Failing to use reasonable diligence in determining whether a product marketed and sold contains a counterfeit mark.

n. Failing to provide a full refund within seven (7) days for any good when it is reasonably apparent that the good may be counterfeit.

# IV. ATTORNEYS' COSTS AND FEES

4.1 Pursuant to RCW 19.86.080 Plaintiff shall recover and Defendants shall pay the costs and reasonable attorneys' fees incurred by the Plaintiff in pursuing this matter in the amount of $12,500. Payment shall be made in accordance with Section IX, *infra*.

# V. RESTITUTION

5.1 Pursuant to RCW 19.86.080, Defendants shall pay restitution in the amount of $12,500. No later than August 1, 2015 Defendants shall email a letter to all eligible consumers as defined in paragraph 5.2 using the following subject heading and text:

> **YOU MAY BE ENTITLED TO A REFUND**
> **Dear Customer:**
> **You may have purchased an item from our company between November 1, 2010 and July 31, 2015. Pursuant to an agreement between Suddenvalues.com and the Washington State Attorney General's Office, you may be eligible for a refund in the event that you purchased an item from us and you neither received the item nor were refunded the purchase price. If you believe you may be entitled to a refund, please respond to this email and provide the following information:**
> - **The date of your purchase;**
> - **The item(s) purchased;**
> - **The amount paid by you; and**
> - **The form of payment used.**
>
> **Refunds will be issued on a pro rata basis. This means that the amount you may be entitled to will depend on the number of consumers requesting a refund and the amount each consumer paid for an item. In the event you received a refund in the form of a credit from your bank or credit card company, or a credit with SuddenValues.com, you are not eligible**

**for a refund. To maintain your eligibility, you must provide a response to this email no later than September 30, 2015. Merely receiving this email does not mean you are entitled to a refund. However, in receiving this email, you are being notified that you may be eligible, depending on the circumstances of your purchase. For more information, you may visit the web site for the Washington State Attorney General's Office at www.atg.wa.gov.**

5.2    Consumers to whom Defendants must send an email in accordance with Paragraph 5.1 are limited to those consumers who (1) paid for goods advertised by Defendants and neither received the good(s) or a refund (including a credit with SuddenValues.com) from Defendants, and who (2) filed a formal complaint with the Washington State Attorney General's Consumer Resource Center and/or the Better Business Bureau of Eastern Washington, North Idaho and Montana between November 1, 2010, and the date of entry of this Decree.

5.3    The period of time in which an eligible consumer may file a claim will open on August 1, 2015, and close on September 30, 2015. Consumers who (1) paid for goods advertised by Defendants and neither received the good(s) or a refund (including a credit with SuddenValues.com) from Defendants between November 1, 2010, and the date of entry of this Decree, but who did <u>not</u> file a formal complaint with either the Washington State Attorney General's Consumer Resource Center or the Better Business Bureau of Eastern Washington, North Idaho and Montana will not be contacted directly by Defendants, but may however contact Defendants or Plaintiff to file a claim within the time period noted at the beginning of this Paragraph.

5.4    Payment of restitution by Defendants shall be in accordance with Section IX, *infra*.

## VI.    CIVIL PENALTIES

6.1    Pursuant to RCW 19.86.140, a civil penalty of $100,000 is imposed against Defendants.  However, this civil penalty shall be suspended upon Defendants' compliance with the terms of this Decree.  In the event that the Court finds that any Defendants are in material breach of any provision of this Consent Decree, the suspended civil penalties referenced shall automatically be unsuspended and assessed against Defendants in an amount deemed proper by the Court.

## VII.    ENFORCEMENT

7.1    Violation of any of the terms of this Decree, as determined by the Court, may allow Plaintiff to seek additional remedies including restitution, reasonable attorneys' fees and costs, civil penalties and injunctive relief.

7.2    Jurisdiction is retained for the purpose of enabling any party to this Decree with or without the prior consent of the other party to apply to the Court at any time for enforcement of compliance with this Decree, to punish violations thereof, or to modify or clarify this Consent Decree.

7.3    Representatives of the Office of the Attorney General of the State of Washington, shall be permitted to inspect and/or copy all relevant records or documents relating to sales and advertisements relating to an alleged violation under control of Defendants solely in order to monitor compliance with this Consent Decree upon twenty-one (21) days of written request to Defendants, provided that

1  the inspection and copying shall be done in such a way as to avoid disruption of
2  Defendants' business activities.  Representatives of the Office of Attorney General
3  may be permitted to question Defendants, or any officer, director, agent, employees
4  or independent contractor of any corporation affiliated with Defendants, in
5  deposition, pursuant to the provisions and notice requirements of Fed. R. Civ. P. 30
6  relating to an alleged violation of the Decree.  This provision shall not be interpreted
7  to mean that Defendants are required to produce third parties over whom they have
8  no control for deposition purposes.

9       7.4    Prior to instituting enforcement action under the terms of this Decree, if
10 the Attorney General determines that Defendants have failed to comply with any of
11 the terms of this Decree, and if, in the Attorney General's sole discretion, the failure to
12 comply does not threaten the health or safety of the citizens of the State and/or does
13 not create an emergency requiring immediate action, the Attorney General will notify
14 Defendants in writing of such failure to comply, and Defendants shall then have
15 twenty-one (21) business days from receipt of such written notice to provide a written
16 response to the Attorney General's determination or to cure the alleged violation.

17      7.5    Nothing in the Decree shall be construed as to limit or bar any other
18 governmental entity or consumer from pursuing other available remedies against
19 Defendants.

20      7.6    Under no circumstances shall this Decree or the name of the State of
21 Washington, the Office of the Attorney General, Consumer Protection Division, or
22 any of their employees or representatives be used by any Defendants named in the

Complaint in connection with any selling, advertising, or promotion of products or services, or as an endorsement or approval of Defendants' acts, practices or conduct of business. Notwithstanding the above, nothing herein shall preclude the Defendants from citing or referring to this Decree or its terms or referring to the State of Washington, the Office of the Attorney General, Consumer Protection Division, or any of their employees or representatives in connection with their announcement of the settlement of this action or in response to inquiries regarding the same.

## VIII. TERMS OF PAYMENT

8.1    Payment of attorneys' fees and costs referenced in Section IV will be as follows:

    a.    Defendants shall pay to Plaintiff twenty-five (25) individual payments of $500.00 Such payments are due to Plaintiff on the first of each month. The first payment shall be payable on February 1, 2016, and the final payment shall be payable on February 1, 2018. Nothing in this Decree prevents Defendants from paying this amount in full prior to February 1, 2018.

    b.    Payment owing under this provision shall be in the form of a valid check paid to the order of the "Attorney General-State of Washington." Payment shall be sent to the Office of the Attorney General, Attention: Cynthia Lockridge, Administrative Office Manager, 800 Fifth Avenue, Suite 2000, Seattle, Washington, 98104-3188.

8.2    Payment of consumer restitution referenced in Section V will be as follows:

    a.    Defendants shall set up an escrow account, hereinafter the "account" to hold $12,500 for distribution to consumers. Defendants must establish this account within seven (7) days of the entry of this Decree and provide Plaintiffs notice of the account location and account number.

1  b. Beginning on July 1, 2015, Defendants shall make monthly deposits of $500.00 to the account due the first of each month. The first deposit shall be made on July 1, 2015, and the final payment shall be made on January 1, 2016. Deposits of $500.00 will be made on July 1, 2015, August 1, 2015, September 1, 2015, October 1, 2015, November 1, 2015, and December 1, 2015. A final deposit in the amount of $9,500.00 will be deposited on January 1, 2015. Defendants will require the escrow agent to send monthly account statements to Plaintiff by the 15th of each month. Nothing in this Decree limits Defendants' ability to pay the restitution amount in full prior to the deadlines noted above.

  c. Any notice required herein shall be sent to the Office of the Attorney General, Attention: Cynthia Lockridge, Administrative Office Manager, 800 Fifth Avenue, Suite 2000, Seattle, Washington, 98104-3188.

  d. Defendants shall begin issuing checks to consumers starting January 1, 2016, and all claims shall be paid no later than January 31, 2016. After the claims period closes and all claims are paid by Defendants from the account, any portion of the $12,500 which remains unclaimed by consumers will be payable by Defendants to Plaintiff to be used for any lawful purpose. Any such payment of unused funds shall be made to Plaintiff no later than February 29, 2016.

  e. No later than February 29, 2016, or whenever all consumer restitution claims have been paid, whichever is earlier, Defendants shall provide Plaintiff with an accounting of all consumer claims received and all consumer claims paid out. This accounting shall include information sufficient to show the number of checks written, the amount of each check, the consumers to whom the checks were issued, and the current and historical balances of the account.

  f. Restitution will be paid on a pro rata basis and the amount payable to any eligible consumer will be based upon the number and dollar amount of all claims received, not to exceed a total payment of $12,500.

## IX. DISMISSAL AND WAIVER OF CLAIMS

9.1 Upon entry of this Decree, all claims in this matter, not otherwise addressed by the Decree are dismissed and waived.

DATED June, 2015.

*/s/ Thomas O. Rice*
THOMAS O. RICE
United States District Judge

Presented by:

ROBERT W. FERGUSON
Attorney General

By: /s/John Nelson
JOHN NELSON, WSBA #45724
Assistant Attorney General
Attorney General of Washington
800 5th Ave, Suite 2000
Seattle, WA 98104-3188
Phone: (206) 389-3842
E-mail: johnn2@atg.wa.gov

Approved for Entry, Notice of Presentation Waived:

Phillabaum, Ledlin, Matthews & Sheldon, PLLC

By: /s/Brian Sheldon
BRIAN SHELDON, WSBA #32851
Attorney for Defendants
Phillabaum, Ledlin, Matthews & Sheldon, PLLC
1235 N Post St #100, Spokane, WA 99201
Phone: (509) 838-6055

Approved by:

/s/Steven W. Klock
STEVEN W. KLOCK, individually and as President and CEO of U.S.Online.com, Inc., d/b/a Suddenvalues.com